IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GRAY, | : | No. 3:16cv855 |
|     Plaintiff | : | |
|     v. | : | (Judge Munley) |
| | : | |
| KIMBERLY-CLARK GLOBAL | : | |
| SALES, LLC; | : | |
| KIMBERLY-CLARK | : | |
| CORPORATION; KIMBERLY- | : | |
| CLARK WORLDWIDE, INC.; | : | |
| KANE WAREHOUSEING, INC.; | : | |
| and KANE IS ABLE, INC., | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a summary judgment motion filed by Defendants Kimberly-Clark Global Sales, LLC; Kimberly-Clark Corporation; Kimberly-Clark Worldwide; Kane Warehousing, Inc.; and Kane Is Able, Inc. (collectively hereinafter "defendants"). The parties have briefed their respective positions and the motion is ripe for disposition.

**Background**

This case involves injuries plaintiff, a truck driver, sustained when he opened the doors of the trailer he had hauled and the cargo fell out onto him. Specifically, Defendant Schneider National, Inc. employed plaintiff as a truck driver. On September 17, 2014, he picked up a sealed trailer from a warehouse in Pittston, Pennsylvania and drove it to C&S Wholesale Grocers in Brattleboro,

Vermont. (Doc. 49, Defendants' Statement of Undisputed Material Facts, (hereinafter "SOF")[1] ¶ 2). Kimberly-Clark leases the warehouse where plaintiff picked up the load, and Kane Warehousing operates the warehouse. (Id. ¶ 3). Kane Warehousing's employees loaded the trailer at issue. (Id.)

On September 18, 2014, plaintiff backed the trailer up to within twenty feet of a loading dock so as to open the trailer and have it unloaded. (Id. ¶ 5). Plaintiff has no recollection of what happened next and no eyewitnesses or security camera footage has been found. But evidently, he opened the doors on the trailer and the load fell on top of him. (Id. ¶¶ 7, 9). Another truck driver found plaintiff on the ground. (Id. ¶ 6). He was beneath a pallet of baby wipes which had apparently fallen from the trailer. (Id.) Based upon these facts, the plaintiff instituted this action by filing a complaint on May 12, 2016. (Doc. 1). The complaint asserts a negligence cause of action against the defendants. Plaintiff alleges that the defendants acted negligently in failing to properly load, distribute and/or secure the cargo in the trailer.

At the conclusion of discovery, all defendants moved for summary judgment, bringing the case to its present posture.

**Jurisdiction**

---

[1] We will cite to the Defendants' Statement of Undisputed Material Facts but only to those fact which the plaintiff generally agrees with.

2

We have jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332.  Plaintiff is a citizen of Virginia.  (Doc. 14, Amended Compl. ¶ 2).  The defendants are citizens of Delaware, Texas and Pennsylvania.  (Id. at ¶¶ 3-7).  Additionally, plaintiff alleges that the amount in controversy exceeds $75,000.  (Id. ¶ 1).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

As noted above, the plaintiff's complaint sounds in negligence. Under Pennsylvania law, to prevail on a negligence claim, a plaintiff must establish the following four elements: 1) defendant owed him a duty; 2) the defendant

breached the duty; 3) a causal relationship between the breach and plaintiff's injuries; and 4) damages. City of Phila. v. Beretta U.S.A. Corp., 277 F.3d 415, 422 n.9 (3d Cir. 2002).

Defendants argue that plaintiff cannot establish the manner in which the incident at issue occurred because the plaintiff does not remember the incident nor does he remember the drive before the incident. Because plaintiff cannot establish how the incident happened, he cannot establish that the defendants breached a duty toward him. In response, plaintiff cites to his expert witness.

Plaintiff has retained Michael K. Napier, Sr. as his trucking/shipping and cargo securement expert. He concludes that Defendant Kane, who provided loading services for Defendant Kimberly-Clark "failed in its duties, in accordance with the applicable regulatory and industry standards of care, to ensure the cargo on the subject trailer was either properly unitized, loaded, distributed, and/or secured to prevent shifting or falling cargo upon a 'sealed' trailer." (Doc. 45-1, Napier Report at 15). Further, he opines that "Kane failed to properly inspect and/or supervise the loading and securement process to ensure there was no latent damage to the packaging or that the cargo was properly secured after loading. Kane's failures to act in a prudent and reasonable manner in loading

5

and securing the cargo, created an unnecessary hazard for [plaintiff] and possibly others." (Id. at 15-16).

Thus, it appears that the plaintiff's expert raises genuine issues of fact regarding whether the defendants acted negligently. Defendants, however, argue that this expert is insufficient to raise factual issues because his opinions are based on speculation and supposition, not facts. In effect, defendants are challenging the sufficiency and admissibility of the expert's opinions. After a careful review, we disagree with the defendants.

Federal Rule of Evidence 702 relates to expert witness testimony. The rule provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Courts have described the district court's task in determining whether to admit expert testimony as a "gatekeeping" function. The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597 (1993). Thus, "[t]he objective of that requirement is to ensure the reliability and relevancy

of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

Analysis under Rule 702 includes three factors: "'(1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge[, i.e., reliability]; and (3) the expert's testimony must assist the trier of fact[, i.e., fit].'" United States v. Schiff, 602 F.3d 152, 172 (3d Cir. 2010) (quoting Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008)). The trial court is granted leeway when it determines how to evaluate expert testimony before trial, just as it enjoys in an ultimate ruling on the case. General Electric v. Joiner, 522 U.S. 136, 143 (1997).

Here it appears that the defendants challenge the reliability of the expert's conclusions. To qualify as reliable, the "expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742

(3d Cir.1994), cert. denied, 513 U.S. 1190 ("Paoli II"), (quoting Daubert, 509 U.S. at 590).

Essentially, "an expert opinion must be based on reliable methodology and must reliably flow from that methodology and the facts at issue-but it need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production." Heller v. Shaw Indus., Inc., 167 F.3d 146, 152 (3d Cir.1999). Furthermore, district courts should not determine the correctness of a proposed witness's opinion. Paoli II, 35 F.3d at 744 (stating that "[t]he grounds for the expert's opinion merely have to be good, they do not have to be perfect."). As the Third Circuit Court of Appeals has noted:

> A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence.

Id. at 744–45.

Here, the defendants do not *per se* attack the methodology that the expert used except to the extent that defendants deem it speculative. In support of their position, the defendants cite to the Pennsylvania Supreme Court case of Warden v. Lyons Transportation Lines, Inc., 248 A.2d 313 (Pa. 1969). While the factual

8

background of Warden is very similar to the instant case, the issue is not the same.

In the Warden case, the plaintiff suffered injuries when a large crate of heavy glass fell on him while he unloaded a truck. Id. He sued claiming that the truck had been improperly loaded and braced. Id. The record, however, contained no evidence of the manner in which the accident happened, or how improper loading caused the accident. Id. The plaintiff had an expert witness, but he did not testify "unqualifiedly" as to the manner in which the accident occurred. Id. Rather, he used words such as "feasible," "could," and "possible" and "within the realm of reason." Id. The Pennsylvania Supreme Court found such qualifying words rendered his opinion insufficient to satisfy the plaintiff's burden of proof. Id.

The instant case is distinguishable. The difference in this case, is that the expert witness does not use qualifying words like the expert in Warden. As set forth above, plaintiff's expert uses precise, non-qualified, language in assigning liability to the defendants. We thus find defendants' reliance on Warden unpersuasive.

Otherwise, it appears the defendants merely challenge the weight that the factfinder should afford to the plaintiff's expert witness. For example, the

9

defendants address specific conclusions/elements of the expert's report and then argue as to why the expert's opinion is not credible with regard to each conclusion/element. We find that these challenges may be a proper basis for argument to the jury and cross-examination of the witness, but they do not support exclusion of the evidence or judgment in favor of the defendants. Accordingly, the defendants' motion for summary judgment will be denied. An appropriate order follows.

**Date: Jan. 30, 2018**　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　　　**United States District Court**