# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GRAY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:26-cv-855 |
| | : | |
| vs. | : | Jury Trial Demanded |
| KIMBERLY-CLARK GLOBAL SALES, LLC, KIMBERLY-CLARK CORPORATION, KIMBERLY-CLARK WORLDWIDE, INC., KANE WAREHOUSING, INC., KANE IS ABLE, INC. | : : : : : | The Honorable James M. Munley |
| | : | |
| Defendants | : | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OF EVIDENCE OF PRIOR BAD ACTS

Plaintiff, Richard Gray, by and through his attorneys, O'Malley & Langan, P.C., hereby moves this Court to enter an order precluding the introduction of certain irrelevant, prejudicial and misleading evidence. Certain information was brought to light during discovery, specifically the deposition of the Plaintiff's mother, Evelyn Gray.  Plaintiff now moves to have any references to evidence of crimes, wrongs or bad acts allegedly committed by the Plaintiff precluded because such references are irrelevant, or alternatively would be prejudicial, misleading and confusing to a jury.

## I.  STATEMENT OF THE PROCEDURAL HISTORY AND FACTS

This cause of action arises out of injuries sustained by Mr. Richard Gray on September 18, 2014, after delivering a sealed trailer that had been loaded and sealed by representatives of the Defendants in Pittston, Pennsylvania.  Mr. Gray proceeded to open the doors of the sealed trailer.  Catastrophically, a pallet containing shrink wrapped boxes of baby wipes, weighing approximately 2,000 lbs., suddenly and unexpectedly fell from the trailer and pinned the Plaintiff underneath the pallet.  Mr. Gray had no involvement in the loading and sealing of the trailer.

Through the course of discovery, the Plaintiff's parents, Evelyn and Richard Gray, were questioned about the Plaintiff's propensity for misbehavior during his youth and high school years.  There was testimony regarding the use of alcohol and marijuana; disruptive behavior during late night hours; physical threats and intimidation; and destruction of property.  Plaintiff contends that this evidence is inadmissible under Federal Rules of Evidence 402, 403 and 404(b).

## II.     ISSUE PRESENTED

Should evidence of crimes, wrongs or bad acts allegedly committed by the Plaintiff be precluded as it is irrelevant or in the alternative potentially prejudicial or misleading?

Suggested Answer: YES

## III. ARGUMENT

Federal Rule of Evidence 404(b) establishes that evidence of prior wrongs or bad acts is inadmissible to establish a propensity to act in accordance with that character. Specifically:

> (b) Crimes, Wrongs, or Other Acts
>
> > (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Similarly, Federal Rule of Evidence 403 requires a balancing test that requires evidence to be excluded if its probative value is outweighed by the danger of undue prejudice.

The Third Circuit has long adopted a four (4) prong test to determine the admissibility of evidence of Federal Rule of Evidence 404(b):

> (1) the evidence must have a proper purpose under Rule 404(b);
>
> (2) it must be relevant under Rule 402;
>
> (3) its probative value must outweigh its prejudicial effect under Rule 403; and
>
> (4) the [district] court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.

The limited purposes for which evidence of prior wrongs or bad acts is admissible under 404(b) are proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  If the Defendant cannot offer such a proper purpose, the evidence must be excluded under 404(b).  Becker v. ARCO Chemical Co., 207 F.3d 176 (3rd Cir. 2000).

In evaluating this standard, the Third Circuit has admonished that, "In order to admit evidence under Rule 404(b), a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts. Once the chain of logic has been articulated, its probative strength must be weighed under Rule 403 against any potential for unfair prejudice." Government of Virgin Islands v. Pinney, 967 F.2d 912, 915 (3rd Cir. 1992), *citing* US v. Encheverri, 854 F. 2d 638 (3rd Cir. 1988).

In the instant case, Defendant cannot offer any admissible purpose for the evidence regarding the Plaintiff's prior wrongs or bad acts.  It is simply an effort to tarnish the Plaintiff's character, which is precisely the type of evidence which Federal Rule of Evidence 404(b) is meant to exclude.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request this Honorable Court grant the pending Motion in Limine, and prohibit the introduction of evidence of crimes, wrongs or bad acts allegedly committed by the Plaintiff.

    Respectfully submitted,

    O'MALLEY & LANGAN, P.C.

    <u>/s/ *Todd J. O'Malley*</u>
    Todd J. O'Malley
    Attorney No. 18682
    201 Franklin Avenue
    Scranton, PA 18503
    (570) 344-2667
    *Attorney for Plaintiffs*